*Ex parte:*

María Elena Ponce de León Haszard

ORDER

San Juan, Puerto Rico, June 18, 1969

The foregoing application for admission to the Bar examination is hereby approved. Notice thereof to be given to the Board of Bar Examiners for the corresponding further proceedings.

It was so agreed by the Court as witnesses the signature of the Chief Justice.

(s) LUIS NEGRÓN FERNÁNDEZ
*Chief Justice*

I attest:

(s) JOAQUÍN BERRÍOS
*Clerk*

By: (s) CARMEN LESBIA COLÓN
*Executive Secretary*
*Board of Bar Examiners*

—O—

Opinion of MR. JUSTICE PÉREZ PIMENTEL, MR. JUSTICE BLANCO LUGO, MR. JUSTICE RIGAU, MR. JUSTICE DÁVILA, MR. JUSTICE RAMÍREZ BAGES, and MR. JUSTICE TORRES RIGUAL.

San Juan, Puerto Rico, June 18, 1969

On February 13, 1963, petitioner María Elena Ponce de León Haszard obtained her law degree from the Universidad

Nacional de Asunción in the Republic of Paraguay. Her application for admission to the Bar examination complies with all the requirements of Rule 8 of the Rules of this Court. It remains for us to determine whether pursuant to the same she "has pursued every course of law in and is a graduate of a law school approved by . . . the American Bar Association or the Supreme Court of Puerto Rico, if the applicant has pursued his law studies outside of Puerto Rico."

It is advisable to stress first that, pursuant to paragraph 3 of § 1 of Act No. 17 of June 10, 1939, 4 L.P.R.A. § 721, the Legislative Assembly provided that ". . . however . . . when the applicant has been graduated as a lawyer from a foreign university, the Supreme Court of Puerto Rico is empowered to determine, in its discretion, whether said university complies with the equivalent of the requirements demanded by the universities approved by the American Bar Association *the only case in which the diploma so received shall be considered sufficient. . . .*" At a glance it would seem that petitioner is banned from the admission to the examination, since the subjects pursued and approved by her do not correspond to the requirements demanded by universities approved by the American Bar Association. However, as we stated three decades ago in *Ex parte Jiménez,* 55 P.R.R. 51 (1939), provisions of this nature "constitute minimum conditions . . . which in no way are binding upon this Supreme Court, which retains without limitations its inherent and statutory power to fix the conditions and requisites which must be complied with by every applicant for a license to practice as an attorney at law." Petitioner complies with the minimum requirement of possessing a Bachelor of Law diploma. So far the legislative intervention is not at variance with our rules. But any further qualification is our exclusive province.[1]

---

[1] Likewise, irrespectively of the provisions of § 2 of said Act No. 17, we have required the persons admitted to practice law in the state and

We have examined the curriculum of the different subjects which petitioner attached to her application.[2] We are satisfied that in the exercise of our power of accreditation as expressed in Rule 8, it is proper to approve the application.

federal courts of the United States to pass the Bar examination.

[2] Contrary to what has occurred in other cases, petitioner has placed us in a reasonable position to make a reliable determination of accreditation. *Ex parte Blanco Amigó, ante,* p. 873; *In re Cristóbal Díaz Ayala,* 92 P.R.R. 895 (1965).